# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY GUSTIN, on behalf of himself and all similarly situated individuals, ) ) ) ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| COLLIFLOWER, INC., ) ) | |
| Defendant. ) ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Gregory Gustin (hereinafter "Plaintiff"), on behalf of himself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Colliflower, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein; Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. §1343(a)(4).

4.

Defendant is a Georgia corporation residing in this district, and the unlawful employment practices described herein occurred at 4794 Clark Howell Highway, Suite #6, College Park, Georgia 30349.

5.

Defendant transacts business and engaged in commerce in the State of Georgia.

6.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b), LR 3, Northern District of Georgia, and 29 U.S.C. § 1391(b) because Defendant resides in this district.

### III. PARTIES

7.

Plaintiff is a resident of the State of Georgia.

8.

Defendant hired Plaintiff on or about April 17, 2013, as a Manager Trainee.

9.

Plaintiff was promoted to Store Manager of Defendant's College Park, Georgia location on or about May 10, 2013.

10.

At all times relevant hereto, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 *et seq.*, 29 U.S.C. § 203(e).

11.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

12.

Defendant employed Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek performing non-exempt duties and was not paid the overtime wage differential.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV.  FACTS

17.

Plaintiff worked for the Defendant within the past three (3) years.

18.

Although Plaintiff was given the title of Store Manager, Plaintiff's job duties consisted primarily of selling hoses and fittings, operating the store cash register, keeping the store clean and presentable, completing randomized inventory checks sent by Defendant, and updating Defendant's systems regarding sales made so replacement supplies could be sent to Plaintiff's store.

19.

Although Plaintiff was given the title of Store Manager, he was the only employee at the College Park, Georgia location and as such Plaintiff did not supervise any employees, and did not have the authority to issue performance reviews, or hire and fire any employees.

20.

Plaintiff did not have independent discretion to make decisions as to matters of significance for Defendant's business operations, or the operations of Defendant's customers.

21.

Plaintiff worked an average of forty-seven and a half (47.5) hours per week during the relevant time period.

22.

From the time Plaintiff was hired until he resigned in August 2014, Plaintiff was improperly classified as an exempt salaried employee and was compensated as such without the appropriate time and a half compensation for Plaintiff's hours worked over forty (40) in a given workweek.

23.

Plaintiff contacted his supervisors and requested that he be provided overtime compensation.

24.

In response, Defendant informed Plaintiff that he was considered exempt pursuant to the administrative exemption, even though Plaintiff's job duties did not qualify him for the administrative exemption.

25.

By way of example, Plaintiff did not have discretion to order products he felt the store should carry; all products supplied to his store were predetermined both in terms of the actual products, as well as the amount of inventory to be kept on hand within the store at any given time for each such product.

26.

By way of further example, Plaintiff and Defendant's other Store Managers were all given explicit instructions that all "Store Operational Issues" should be handled exclusively through Defendant's upper management.

27.

By way of further example, Plaintiff and Defendant's other Store Managers were all given explicit instruction that they were not to make any price adjustments or changes "on the fly," and that all requested changes required approval from upper management.

28.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. COLLECTIVE ACTION ALLEGATIONS

29.

Plaintiff brings this action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

30.

Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant in numerous states, including, but not limited to Georgia, Maryland, Pennsylvania, and Virginia, as "Store Managers" during the last three (3) years, and whose job duties consisted primarily of non-exempt work, specifically selling hoses and fittings, operating the store cash registers, keeping the stores clean and presentable, completing randomized inventory checks sent by Defendant, and updating Defendant's systems regarding sales made so replacement supplies could be sent to the respective stores.  (hereinafter the "Collective Class").

31.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked over forty (40) hours while performing the duties of a Store Manager.

32.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

33.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

34.

During the last three (3) years, Defendant closely supervised and controlled the work of Plaintiff and the Collective Class.

35.

During the last three (3) years, Store Managers, including Plaintiff, were paid a base salary without an overtime premium for hours worked in excess of forty (40) hours in given work weeks.

36.

During the last three (3) years, Store Managers, including Plaintiff, did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

37.

Store Managers are entitled to overtime pay for the hours they worked over forty (40) in given workweeks.

38.

Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq.* including but not limited to 29 U.S.C. § 207.

39.

As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## VI. <u>VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT</u>

40.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

41.

Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.* including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

42.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime

---

compensation.

43.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

44.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

45.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

46.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e., Defendant's misclassification of Store Managers as "exempt" from the overtime requirements of the FLSA.

47.

Defendant's violations of the FLSA were willful and in bad faith.

48.

Pursuant to FLSA 29 U.S.C. §216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant leave to add additional state and federal law claims if necessary; and,

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 16th day of April, 2015.

                              **BARRETT & FARAHANY, LLP**

                              s/Elizabeth L. Brown
                              Benjamin F. Barrett
                              Georgia Bar No. 039586
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Elizabeth L. Brown
                              Georgia Bar No. 940372

                              *Attorneys for Gregory Gustin*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
lily@bf-llp.com

13